UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARVIN TAYLOR, )<br>)<br>Petitioner ) <br>)<br>v. )<br>)<br>ED BUSS, )<br>)<br>Respondent ) | No. 3:05cv0797 AS |

*MEMORANDUM, OPINION AND ORDER*

On or about December 20, 2005, *pro se* petitioner, Marvin Taylor, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254.  The Response and Brief filed on behalf of the respondent by the Attorney General of Indiana on July 5, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  Taking full judicial notice of the record in this case, the reasons for the delay in the filing of the Traverse are readily apparent, and such Traverse was filed on February 1, 2007.  However, there is yet to be compliance with this court's order of December 7, 2006 with regard to the filing of the complete state record.

Although the record is not perfect,  it appears to be adequate enough to deal with the petition filed pro se by Marvin Taylor alleging a possible basis for relief under 28 U.S.C. §2254.  Involved here are sentences exceeding 59 years in two charges of child molestation in Indianapolis and Marion County, Indiana in 1999.  The Court of Appeals of Indiana published opinions affirming the aforesaid convictions in *Taylor v. State*, 735 N.E. 2d 308

(Ind. App. 2000). The limited remand there does appear to benefit this petitioner here. This petitioner is entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988). This action by the Court of Appeals of Indiana is entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do.

This court has given close attention to the petitioner's pro se filing on February 1, 2007. That filing is in excellent legal form and deserves and has been given careful and hopefully thoughtful consideration.

At the outset, two cases decided by the Supreme Court of the United States on the same day are at least a good beginning point for the consideration of this case. *See Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002). *See also Rice v. Collins*, 125 S.Ct. 969 (2006), *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1831 (2002), and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006). Frankly, notwithstanding the excellent presentation by Mr. Taylor, this court remains unconvinced that he has made a case for ineffective assistance of trial counsel under *Strickland v. Washington*, 466 U.S. 668, *rehr'g denied,* 467 U.S. 1267 (1984). *See also* the standards enunciated in *Williams v. Taylor*, 529 U.S. 362 (2000), as well as in *Bell, supra*. The opinion of the late Chief Justice in *Bell*, supra in which he speaks for all the court except Justice Stevens is worthy of close attention, respect and its applicability here. In this regard, he stated:

2

> We cautioned in *Strickland* that a court must indulge a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight. 466 U.S., at 689, 104 S.Ct. 2052. Given the choices available to respondent's counsel and the reasons we have identified, we cannot say that the state court's application of *Strickland's* attorney-performance standard was objectively unreasonable. The judgment of the Court of Appeals is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

It is difficult for this court to gainsay the reasoning and result of the Court of Appeals of Indiana with regard to the issue of ineffective assistance of counsel and indeed with regard to the issue of the statute of the State of Indiana being constitutional. Recently, in a nine-page unpublished order, a panel of the Court of Appeals dealing with a case under 28 U.S.C. §2254 dealt extensively with the issue of ineffective assistance of counsel on February 8, 2007 in *Pinkins v. Buss*, No. 05-4528 (7th Cir. 2007). Even if *Pinkins* is not a binding precedent, it is certainly worthy of attention for the way in which the issue of ineffective assistance of counsel is approached. Much that is ably presented as argument by Mr. Taylor is simply not supported by the record. This court does not conceive that *Kimmelman v. Morrison*, 477 U.S. 365 (1986) has direct applicability to this case.

Much that is argued here turns to some extent onto credibility of witnesses, which under Article III of the Constitution of the United States and the Sixth Amendment of that Constitution is consigned in the first instance to the jury. This court knows well that tensions are often created in high-profile cases, and indeed other cases between defense counsel and a defendant, and many of those tensions are spewed forth in later proceedings under 28

3

U.S.C. §2254.  The Sixth Amendment of the Constitution and cases such as *Strickland* and *United States v. Cronic*, 466 U.S. 648 (1984), as well as *Evitts v. Lucey*, 469 U.S. 387 (1985), do not require defense counsel and a defendant to like one another.  The Constitution of the United States, as reflected in a series of decisions by the Supreme Court of the United States, has imposed certain constitutional obligations on defense counsel.

It is interesting that this petitioner has found *Von Moltke v. Gillies*, 332 U.S. 708 (1948) which has historical importance for some unique circumstances that existed just after World War II.  This court has taken the trouble to re-read the opinions of Justices Black, Frankfurter, and Burton in *Von Moltke* and, with all deference, the factual circumstances presented in that case are significantly dissimilar to the one presented here.

This court has given close attention to the two published opinions cited by the petitioner here, namely, *In Re Geller*, 777 N.E. 2d 1099 (Ind. 2002), and *In the Matter of Steven B. Geller*, 779 N.E. 2d (Ind. 2002).  The actual dates of these two proceedings and opinions were November 4, 2002 and December 9, 2002.

After examining these opinions of the Supreme Court of Indiana regarding Steven B. Geller, this court also gave close attention to an unpublished opinion entered on September 19, 2005 by Chief Judge Kirsch of the Court of Appeals of Indiana and concurred in by Judges May and Robb.  For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A," attached hereto and incorporated herein.  In *In Re Geller*, the following statement appears: "In retaliation for a client's threat to file a disciplinary grievance, the respondent threatened to reveal the former client's conviction for

4

child molesting to the client's fellow inmates in prison." That conduct does not appear to relate to this case. It is worthy of some note that this petitioner was acquitted on one count of Class A felony child molesting and one count of Class C felony of child molesting. On direct appeal, yet another Class A felony for child molesting was reversed.

According to Chief Judge Kirsch, the petitioner has argued three reasons for the ineffectiveness of counsel. They are failure to file a motion to dismiss; failure to zealously advocate Taylor's case, and failure to investigate the circumstances of the victims' statements. As indicated by Chief Judge Kirsch, the first two arguments are directed solely at Attorney Geller and the third was directed to both Geller and subsequent attorneys for this petitioner.

The Court of Appeals of Indiana at the hands of their chief judge cited and analyzed the circumstances presented under *Strickland* and laid out the obligations of the petitioner as follows:

> First, the petitioner must demonstrate that counsel's performance was deficient, which requires a showing that counsel's representation fell below an objective standard of reasonableness and denied the petitioner the right to counsel guaranteed by the Sixth Amendment to the United States Constitution. *Timberlake v. State*, 753 N.E. 2d 591, 603 (Ind. 2001). Second, the petitioner must demonstrate that he was prejudiced by the counsel's deficient performance. *Id*. To show prejudice, a petitioner must show that there is a reasonable probability that the outcome of the trial would have been different if counsel had not made the errors. *Id*. A probability is reasonable if it undermines confidence in the outcome. *Id*.

This court is not prepared here to gainsay the decision on the subject of ineffectiveness of counsel decided by the Court of Appeals of Indiana. It is to be noted that

5

on September 19, 2005, the two published opinions of the Supreme Court with regard to the discipline of Mr. Geller were a matter of public record.  As far as this court can tell, any motion to dismiss challenging the constitutionality of the Indiana statute in question was without merit, and was not surprisingly denied.  Although there is mention of the Fourteenth Amendment of the Constitution of the United States, the argument in question focused primarily on Article I Section 23 of the Constitution of Indiana.

The discussion of Attorney Geller's conduct on page 10 of the aforesaid unpublished opinion by Chief Judge Kirsch is subject to very considerable respect here.  The same can be said of the analysis of failure to investigate victim statements and the discussion of appellate counsel who, according to the record, was not Mr. Geller.  Obviously these kinds of charges are serious, and need to be treated seriously.  It is equally obvious that the chief judge of the Court of Appeals of Indiana is much closer to this situation than this court.  It is a little hard to conceive that court and its chief judge would not take a close look at the assertions of ineffective assistance of counsel that were made here.  The record appears that it and that court did, and the Supreme Court of Indiana denied transfer on November 16, 2005.

At the end of the day, this petitioner has failed to advance a convincing case for relief under 28 U.S.C. §2254, and such is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  March 12, 2007

                                         **S/ ALLEN SHARP**
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**